# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LARRY C. WHITE,<br><br>      Plaintiff,<br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | No. C18-2005-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Mark A. Roberts, United States Magistrate Judge. *See* Doc. No. 19. Judge Roberts recommends that I reverse and remand the decision by the Commissioner of Social Security (the Commissioner) denying Larry C. White's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Neither party has objected to the R&R. The deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of

the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789

(8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

3

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   THE R&R

White applied for disability insurance benefits on September 25, 2014, alleging he became disabled on December 18, 2013, due to various disc and joint issues with his back. *See* Doc. No. 19 at 1 (citing AR 138-39, 138, 171). After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that White was not disabled as defined in the Act. White argues the ALJ erred in the following ways:

1. Determining that White can perform work that exists in significant numbers in the national economy

2. Determining that White would not be off task more than ten percent of the time

3. Failing to fully develop the record by rejecting all medical opinion evidence and failing to obtain a consultative examination.

*Id.* at 7; *see also* Doc. No. 11. Additionally, he challenges the ALJ's appointment under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). Judge Roberts addressed each argument separately.

With regard to whether White can perform other work available in significant numbers in the national economy, Judge Roberts first noted the Commissioner has conceded the ALJ erred with regard to the number of jobs identified that White could purportedly perform. Because the ALJ found White had a limitation on overhead reaching, the Commissioner states that only the semiconductor bonder job represents work that White can perform. There are 55,000 semiconductor bonder positions available in the national economy. Judge Roberts found this constituted a "significant number." *See* Doc. No. 19 at 7-8 (citing *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (in which the court held that 36,000 jobs constituted a significant number of jobs)).

4

Judge Roberts then went on to consider White's argument that it was not clear from the record whether White could perform that job of semiconductor bonder based on confusion regarding the applicable limitations in the hypothetical questions. He explained that the ALJ included the following restriction in his first hypothetical: "a sit/stand option allowing the person to sit or stand alternatively at will provided the person is not off task by more than 10 percent of the work period . . ." *Id.* at 8 (citing AR 45). The vocational expert (VE) responded that White could not perform his past work but could perform work as a semiconductor bonder, ampule sealer and document preparer. *Id.* As explained above, however, given White's limitations with regard to overhead reaching, semiconductor bonder is the only position he can potentially perform. *Id.* The ALJ then modified the hypothetical as follows: "Same individual, same limitations except that the person would be off task by more than 10 percent of the work period in addition to regularly-scheduled breaks, lunches, or bathroom and water breaks. Would that preclude work at all exertional levels?" *Id.* The VE responded that 10 percent was the limit and more than that would preclude all work. *Id.* (citing AR 46).

Judge Roberts found no confusion among the limitations in each hypothetical. He explained that the first hypothetical included a limitation of no more than 10 percent off task and the second included a limitation of more than 10 percent off task. *Id.* He also found that the VE was clear that work was available with a sit/stand option in which the person would not be off task for more than 10 percent of the work period, but no work was available if the alternating positions caused the person to be off task for more than 10 percent of the work period. *Id.* Judge Roberts explained that the real issue was whether White would, in fact, be off task more than 10 percent of the time. *Id.* at 9.

Judge Roberts next considered the ALJ's residual functional capacity (RFC) determination, which included a finding that White "must be able to sit or stand alternatively, at will, provided he is not off task more than 10% of the work period." *Id.* (quoting AR 13). White argued the evidence in the record demonstrates he would be off task more than 10 percent of the time. He also argued that the ALJ failed to properly

credit the opinions of Dr. Segal (his treating surgeon) and Dr. Delbridge (who performed an independent medical examination at claimant's expense), as well as his own subjective complaints, particularly related to the 10 percent limitation. *Id*. (citing AR 183). Judge Roberts concluded the ALJ did not explain how the evidence supported his conclusion that White could meet the RFC restriction of being able to sit and stand alternatively, at will, without being off task more than 10% of the work period. *Id*. at 10 (citing AR 13).

Compounding this lack of explanation, Judge Roberts noted the ALJ gave little weight to the treating and examining opinions in the record. *Id*. These opinions (completed within six weeks before the administrative hearing) stated that White would be off task 15 percent of the time (Dr. Delbridge) and 25 percent or more of the time (Dr. Segal). *Id*. In giving Dr. Segal's opinion "limited weight," Judge Roberts noted that the ALJ found it unsupported and contradicted by the evidence as a whole but did not explain the basis for his conclusion. *Id*. at 11. For instance, the ALJ did not cite any evidence contradicting Dr. Segal's opinion that White would be off task 25 percent or more of the time or state that Dr. Segal's opinion contained cursory statements or was internally inconsistent. Judge Roberts concluded the ALJ failed to give good reasons for the weight he assigned Dr. Segal's opinion. *Id*. at 12.

Likewise, Judge Roberts found the ALJ failed to explain why he did not fully credit Dr. Delbridge's opinion that White would be off task 15 percent of the time. *Id*. The ALJ discounted Dr. Delbridge's opinion because it was "contradicted by the evidence as a whole, including his own reported findings: he noted, for example, that the claimant demonstrated good grip and range of motion of his arms, shoulders and hands, yet opined he could use his arms to reach forward only 15% of the day." *Id*. (citing AR 15). Judge Roberts noted the ALJ failed to cite any particular evidence in the "evidence as a whole" that contradicted Dr. Delbridge's opinion. *Id*. He also noted that the ALJ failed to explain why White's grip and range of motion were inconsistent with his difficulties reaching forward. *Id*. White had testified that his reaching abilities were not limited by

6

range of motion, but by pain. *Id.* Finally, Judge Roberts noted the ALJ said nothing about Dr. Delbridge's opinion that White would be off task 15 percent of the time. *Id.*

As to other medical opinion evidence, Judge Roberts noted the ALJ similarly discounted the opinions of John May, M.D., and Laura Griffin, D.O., state agency medical consultants, as well as the opinions of physical therapist Michelle Breitbach. *Id.* Again, the ALJ gave these opinions limited or little weight in favor of the unexplained "evidence as a whole." *Id.* The ALJ did the same with regard to White's subjective complaints, finding them unsupported by "the evidence as a whole." *Id.* at 12-13.

Judge Roberts reasoned that while the medical source opinions could perhaps be discounted after proper analysis, the ALJ's opinion must be supported by substantial evidence. *Id.* at 13. Because the ALJ did not explain how his conclusion that White would be off task no more than 10 percent of the work period was supported by the evidence, Judge Roberts recommends that I remand the case for the ALJ to properly explain this conclusion, including his rejection of the medical opinions.[1] *Id.* If, after proper evaluation of Dr. Segal's and Dr. Delbridge's opinions, the ALJ determines that the medical evidence in the administrative record does not address White's current limitations, Judge Roberts recommends that the ALJ order a consultative examination so there will be updated medical evidence in the record. *Id.* at 27-28.

Finally, Judge Roberts addressed White's argument that the ALJ was not properly appointed under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). *Id.* at 28-29. Following previous decisions by this court finding that *Lucia* requires an Appointments Clause issue to be raised before the ALJ's decision becomes final, Judge Roberts concluded that White failed to timely raise this argument because he raised it for the first time in his opening

---

[1] Judge Roberts provides a more detailed analysis of the opinions of Dr. Segal, Dr. Delbridge and the state agency medical consultants and the ALJ's discussion of each. In doing so, he identifies additional gaps between the medical evidence and opinion evidence and the ALJ's conclusions regarding White's limitations. *See* Doc. No. 19 at 13-28.

7

brief to this court. *Id*. He recommends that White's request for remand on a *Lucia* basis be denied. *Id*.

## IV.  DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Roberts applied the appropriate legal standards in considering the ALJ's evaluation of the medical opinion evidence. Based on my review of the record, I find no error – clear or otherwise – in Judge Roberts' recommendation. As such, I adopt the R&R in its entirety.

## V.  CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Roberts' R&R (Doc. No. 19) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Roberts' recommendation:
   a. The Commissioner's determination that White was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Roberts.
   b. Judgment shall enter in favor of White and against the Commissioner.
   c. If White wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 18th day of March, 2019.

_____
Leonard T. Strand, Chief Judge